DowNev, Judge,
delivered the opinion of the court:
In this action the plaintiff seeks to recover $1,013, which was the price at which it bid to furnish to the United States certain articles of furniture and which were furnished upon a requisition issued by the supply officer of the United States mine depot at Yorktown, Va., in which the unit prices were stated, aggregating said sum, and which articles were received at said Navy mine depot and used in 5 sets of public quarters, which were occupied by officers there and then on duty and their successors.
The findings set out in detail the procedure with reference to this claim and the reasons why at various stages it was disallowed. In this connection it might be suggested, however, that although the claim with others of similar nature had been disallowed, all of the official reports which are found in the record indicate the view that it was a just claim and should have been paid. Rather strangely under the circumstances it is now contended by the defendant, in the brief of its counsel, not only that the officer who issued this requisition upon which these goods were furnished had no authority to do so, but it is said that this property “ was not in fact delivered to the United States and the United States has received no benefit therefrom,” and again it is said that “ the Government is not shown to have been benefited by its purchase in any way.” In May of 1924, nearly four years after this property had been purchased, the Department of Justice, by its attorney then in charge, sent a gentleman formerly in the furniture business to Yorktown to examine this furniture and testify as to its value. This witness, whose testimony was taken a few days thereafter, *356 testifies that after having made known his business to the commanding officer of the Navy mine depot he was taken by said commanding officer into 5 separate houses occupied as public quarters, in each of which he found the wife of an officer and in which houses he found all of the furniture here in question, except that the small porch rugs and mats were not there because they had been worn out. Aside from this we find in the files a stipulation signed by the then Assistant Attorney General and by the attorney for the plaintiff in which, for the purpose of making the testimony of said witness competent, presumably by the identification of the articles of furniture about which he testified, it is stipulated that the articles referred to by said witness were the articles delivered by the plaintiff to the defendant.
In a further attempted defense of this case we are cited to some statutes wholly inapplicable, among them statutes with reference to commutation of quarters for officers on shore not occupying public quarters. We are at a loss to comprehend why the time of the court and an attorney representing the Government should be taken in the citation of commutation statutes when commutation is in no manner involved in this case and can never be involved when, as in this case, officers were in occupancy of public quarters.
And this furniture is referred to as “ private furniture ” of an officer, followed by assumed illustrations quite entertaining in the reading because of their absurdity. Perhaps we may place ourselves in the same category by even suggesting that furniture for the private use of an officer and his family while occupying public quarters may nevertheless be and remain the property of the United States.
But there seems no justification for further discussion of the case. The only infirmity in the claim when before the Comptroller of the Treasury was the absence of a contract in writing as then construed and of evidence as to the value justifying an allowance as upon an implied contract. The deficiency as to the contract in writing was supplied, but if that had not been done, or if it was done too late to be effective for any purpose, the fact remains that the goods *357 were supplied upon a written order accepting a bid made by the plaintiff, both of which instruments supplied the price and after performance of the contract it became immaterial whether there had or had not been a strict compliance with section 3744.
In awarding a judgment, to which the plaintiff is unquestionably entitled, it is only to be regretted that the long and inexcusable delay can not be at least partially compensated for by the awarding of interest, but this we can not do.
We have directed judgment in favor of the plaintiff for the full amount of its claim.
Graham, Judge; Hay, Judge; Booth, Judge; and Campbell, Chief Justice, concur.